LIBERTY & FREEDOM
LEGAL GROUP, LTD

**April 22, 2026**

<u>**VIA ECF**</u>

Honorable John P. Cronan
United States District Court Judge
United States District Court, Southern District of New York
500 Pearl Street, Room 1320
New York, New York 10007
Email to CronanNYSDChambers@nysd.uscourts.gov

  Re: **Bird v. Aviles-Ramos, No.: 25-cv-09494-JPC**

Dear Judge Cronan:

Please recall that this Office represents the Plaintiff in this action.

Due to some personnel turnover in our office and an error in calendaring, Plaintiff inadvertently failed to file her motion for summary judgment according to Your Honor's Scheduling Order. This was purely an honest mistake and certainly neither willful nor contumacious.

Dismissal under Fed. R. Civ. P. 41(b) is a "harsh remedy" which is appropriate only in "extreme situations." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996). As explained below, application of the governing standards—and the procedural posture reflected on the docket—strongly militates against dismissal.

As the Court in *In re: Try the World, Inc.*, No. 18–11764 (JLG), 2023 WL 5537564 (Bankr. S.D.N.Y. Aug. 28, 2023) (unpublished opinion) explains, these issues do not justify dismissal of the Complaint and must be analyzed separately.[1]

 **I.**  **The Rule 41(B) Factors Heavily Disfavor Dismissal**

Fed. R. Civ. P. 41(b) permits dismissal only after careful consideration of five factors, none of which are dispositive. *Nita v. Connecticut Dep't of Env't Prot.*, 16 F.3d 482, 485 (2d Cir. 1994). These factors are:

  (1) The duration of the plaintiff's failure to comply with the court order,
  (2) Whether plaintiff was on notice that failure to comply would result in dismissal,

---

[1] If a fifteen-month delay in answering a counterclaim did not warrant dismissal or default in *In re: Try the World, Inc.*, 2023 WL 5537564, a brief, transition-related delay measured in days or weeks cannot justify dismissal here.

(3) Whether the defendants are likely to be prejudiced by further delay in the proceedings,
(4) A balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and
(5) Whether the judge has adequately considered a sanction less drastic than dismissal.

*Lucas*, 84 F.3d at 535.

Applied here, none of the factors favor dismissal for failure to prosecute.

**First, the delay is limited in duration.** Indeed, the Plaintiff is prepared to file her motion for summary judgment as soon as practicable upon receiving leave to file from the Court. Plaintiff's delay in not moving for summary judgment is approximately 13 days—to date. Courts have found significantly longer delays insufficient to warrant dismissal, where, as here, the lapse does not reflect abandonment nor persistent noncompliance. *See Jefferson v. Webber*, 777 F. App'x 11 (2d Cir. 2019); *Sorokin v. New York Cnty. Dist. Atty's Off.*, 535 F. App'x 3 (2d Cir. 2013).

As *In re Try the World* makes clear, in assessing Fed. R. Civ. P. 41(b), courts evaluate whether the plaintiff failed to prosecute the action as a whole—not whether a particular pleading was untimely. No. 18–11764 (JLG), 2023 WL 5537564, at *6–7. Here, the case was never dormant: service was completed, defendants answered, a joint schedule was timely submitted and adopted, and counsel appearances remained continuous. The delay associated with the summary judgment motion was of very brief duration. The motion was due on April 8, 2026, and the Court ordered Plaintiff to file a letter regarding the delay in filing on April 21, 2026—about 13 days later—showing cause why the Court should not issue sanctions. Plaintiff has now responded to the Court. Such a brief lapse does not constitute a "significant duration" as contemplated by Fed. R. Civ. P. 41(b).

The brief delay in filing the motion for summary judgment is not one of prolonged inactivity or abandonment. As discussed below, the framework for that issue lies in Rule 6(b)—not Fed. R. Civ. P. 41(b).

Plaintiff now responds to Your Honor's Order to Show Cause and does not intend to cause any further delays in this matter. To minimize the impact of the delay in filing the motion by April 8, 2026, Plaintiff respectfully requests permission to move for summary judgment as early as April 27, 2026, should Your Honor so permit. Plaintiff is in possession of the certified administrative record and so the matter can move forward. As an alternative scenario with a view toward conserving time, Plaintiff respectfully suggests that the briefing be scheduled as follows, in substantial compliance with the schedule established by the Court on February 12, 2026; Defendant to move for summary judgment by May 8, 2026; Plaintiff to cross-move for summary judgment by June 6, 2026; Defendant to reply by July 7, 2026; Plaintiff to reply by July 14, 2026. In this manner, the matter would be moved out by but seven days for final submission.

**Second, Plaintiff was not specifically admonished that failure to meet the missed deadlines would result in dismissal.** That is, Plaintiff was not on notice that a missed summary judgment deadline would expose the case to the drastic remedy of dismissal. Neither the joint scheduling submission nor the Court's Order adopting that schedule warned that failure to meet the April 8 deadline would place the entire action at risk of termination. Where a plaintiff has not been warned that delay would result in dismissal, this factor weighs against dismissal. *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 255 (2d Cir. 2004).

**Third, Defendants will not be prejudiced by extending Plaintiff's deadline to move for summary judgment *nunc pro tunc*.** No prejudice arises from the brief delay here. This is an IDEA administrative-record appeal that proceeds exclusively upon an existing record; no discovery is contemplated, no witnesses will be lost and no evidence has gone stale. Where delay is modest and excusable, a showing of actual prejudice is required. *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 210 (2d Cir. 2001). As outlined below, none exists here.

This action was commenced on November 13, 2025. It has not been on the Court's calendar for an inordinate amount of time. It is common in IDEA matters for the parties to seek extensions of the briefing schedules for various reasons. Indeed, here the Defendants filed a letter motion, on consent, to extend their time to answer. Defendants' Answer was initially due on December 8, 2025. However, it was ultimately filed on January 22, 2026, 45 days, or more than six weeks after the initial due date—Defendants properly sought extension from the Court with the Plaintiff's consent.

To be clear, Plaintiff is not "complaining" about the extension that Defendants requested, which the Court granted. Indeed, Plaintiff consented to the request and took absolutely no issue with it. Nevertheless, in evaluating whether or not the instant delay has prejudiced the Defendants or caused other harm, or will prejudice the Defendants in some way, the Plaintiff's delay in responding to the counterclaims (if allowed to do so imminently) and their delay in moving for summary judgment (if allowed to move imminently as well).[2]

In evaluating prejudice, courts consider only prejudice likely to result from future delay, not from past delay. *Gone v. Wackenhut Servs., Inc.*, No. 10 CIV. 2495 CMKNF, 2011 WL 2610550, at *4 (S.D.N.Y. June 17, 2011); *Baptiste v. Sommers*, 768 F.3d 212, 218 (2d Cir. 2014).

Here, there is no "appreciable risk of further delay", as the parties have already agreed that there is no need to conduct discovery. *Mercado v. Choyang Med. Co.*, No. 07-CV-3563 NG VPP, 2014 WL 3014456, at *1 (E.D.N.Y. July 3, 2014) (denying Fed. R. Civ. P. 41(b) motion where "discovery [was] complete" by the time the district judge ruled on the motion); *see also Franco v. HMS Host Corp.*, No. 08CV2638ENVLB, 2010 WL 11627256, at *1 (E.D.N.Y. June 2, 2010) (denying Fed. R. Civ. P. 41(b) motion where plaintiff failed to appear for his deposition when it

---

[2] An attorney has been assigned to draft Plaintiff's motion for summary judgment, and have it ready for filing, by Monday April 27, 2026, if the Court does not otherwise dismiss this action for failure to prosecute, and extends all missed deadlines, nunc-pro-tunc, to the same day.

was initially noticed, and then persistently failed to pay the resulting monetary sanction, but "appeared at his rescheduled deposition," such that "discovery is now complete").

**Fourth, Plaintiff's failure did not cause the extreme congestion of the Court's docket that would favor dismissal.** Where a party's failure is one of omission, courts find that there is "no compelling evidence of an extreme effect on court congestion, as required before a litigant's right to be heard is subrogated to the convenience of the court." *Reed v. Logan*, No. 22-CV-10446 (JPC) (BCM), 2025 WL 3282713, at *1 (S.D.N.Y. Oct. 28, 2025), report and recommendation adopted, No. 22 CIV. 10446 (JPC) (BCM), 2025 WL 3284948 (S.D.N.Y. Nov. 25, 2025).

Here, Plaintiff did not swamp the court with irrelevant or obstructive filings that congested the Court's docket (*LeSane*, 239 F.3d at 210), but failed to file her summary judgment motion in a timely manner.  Allowing Plaintiff to file this dispositive motion by a date certain will not burden the Court's docket.  The Second Circuit cautions that a court must not allow its "zeal for a tidy calendar" to override a litigant's right to be heard absent compelling circumstances. *Lucas*, 84 F.3d at 535.  Absent further evidence that dismissal would be appropriate based on the Court's need to "alleviate its calendar", this factor does not favor dismissal. *Sorokin*, 535 F. App'x at 6.

**Fifth, lesser measures would be sufficient—though alternatives are unnecessary here.** Nothing suggests that lesser measures, including allowing Plaintiff to file her summary judgment motion on a revised schedule, would be ineffective.  Where lesser measures have not been considered, dismissal is inappropriate. *Jefferson*, 777 F. App'x at 15.

## II.    The Second Circuit Cautions Against Dismissal Under These Circumstances

None of the factors the Court considers in determining whether dismissal for failure to prosecute is appropriate weigh in favor of dismissal here.  Indeed, in similar circumstances, the Second Circuit has cautioned against imposing the harsh remedy of dismissal.

In *U.S. ex rel. Drake*, the plaintiff failed to file an amended complaint by the deadline set by the court, but promptly corrected the omission once advised that the filing was late.[3]  The Second Circuit held that dismissal was inappropriate because:

> "[it was] not a case in which the plaintiff 'deliberately proceeded in dilatory fashion,' or ignored repeated warnings and deadlines, or where plaintiff's conduct could be viewed as contumacious with respect to the district court's directions. On the contrary, plaintiff filed his final amended Complaint as soon as he was warned that it was late."

*U.S. ex rel. Drake*, 375 F.3d at 258 (quoting Link v. Wabash R. Co., 370 U.S. 626, 633 (1962)).

---

[3] Plaintiff is in the process of drafting her motion for summary judgment and is prepared to file the motion on Monday April 27, 2026 if the Court so directs.

Here, as in *Drake*, the missed deadline was not because of any deliberate action.  Instead, the mistake was inadvertent and arose from personnel changes in Plaintiff's counsel's office that temporarily disrupted internal case coverage.  Plaintiff is ready, willing and willing to correct her omission after the Court's warning.

### III.    The Missed Deadlines are Properly Addressed Under Rule 6(b)(1)(B), not Dismissal

When a plaintiff does not timely respond to a defendant's counterclaim, courts applying Fed. R. Civ. P. 41(b) analyze the delay based on the prosecution of the case as a whole and not based upon failing to file an answer to the counterclaim timely. *In re: Try the World, Inc.*, 2023 WL 5537564, at *6–7.

The relief Plaintiff seeks—permission to file a late summary-judgment motion—is governed by Fed. R. Civ. P. 6(b)(1)(B), which permits extensions upon a showing of excusable neglect.  The brief delay, absence of prejudice, documented counsel transition reflected on the docket, and Plaintiff's prompt response to the Court's Order to Show Cause all support such relief.

The excusable-neglect inquiry is equitable, requiring courts to consider the danger of prejudice to the opposing party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, and whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *Tancredi v. Metro. Life Ins. Co.*, 378 F.3d 220, 228 (2d Cir. 2004).  Where, as here, the delay is brief, non-prejudicial, and because of law-office transition rather than bad faith, Fed. R. Civ. P. 6(b) relief is routinely granted.

Each *Pioneer* factor favors Plaintiff's requested relief.  The delay in filing the summary judgment motion was modest, occurred during a period of personnel transition in the law office, and was promptly addressed once the error was discovered.  Defendants will suffer no prejudice from permitting late filings in this IDEA administrative-record appeal, which involves no discovery and proceeds entirely upon an existing record.  Nor has Plaintiff acted in bad faith or engaged in dilatory tactics.  Under these circumstances, extending the relevant deadlines nunc-pro- tunc is the proportionate and rule-based remedy; dismissal under Fed. R. Civ. P. 41(b) would be inconsistent with Fed. R. Civ. P. 6(b)'s equitable framework and the Second Circuit's strong preference for resolving cases on the merits rather than by procedural default.

### CONCLUSION

It was never Plaintiff's plan to abandon her claim, nor was it counsel's intent to neglect the prosecution of this matter.  Hopefully, the Court will see this letter as evidence that the Plaintiff and counsel remain fully engaged in this matter, notwithstanding the mistakes raised herein.

For these reasons, and again with sincere apologies to the Court for the delays caused, Plaintiff respectfully requests that this action not be dismissed and that Plaintiff be permitted to move for summary judgment by April 27, 2026

Respectfully Submitted,
Liberty & Freedom Legal Group
*Attorneys for Plaintiff*

By: **/s/ *Jeffrey Arlen Spinner***
Jeffrey Arlen Sprinner, Esq.
(JS22178)
jeff@pabilaw.com

The Court will permit Plaintiff to make her opening motion for summary judgment, on the issue of whether the State Review Officer acted arbitrarily and capriciously in dismissing Plaintiff's appeal as untimely, by April 27, 2026. Defendants' opposition to Plaintiff's motion and opening cross-motion for summary judgment on the timeliness issue is due by May 27, 2026. Plaintiff's opposition to Defendants' motion and reply in support of her motion is due by June 27, 2026. Defendants' reply in support of their motion is due by July 27, 2026. The Court will not permit further extension requests by any parties and will not excuse any further late filings under Federal Rule of Civil Procedure 6(b).

SO ORDERED
April 25, 2026

_____
JOHN P. CRONAN
United States District Judge